**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BRIAN D. CAVALIER,

Defendant.

Case No.: 2:16-cr-046-GMN-PAL

**ORDER**

Pending before the Court is Defendant Brian D. Cavalier's Objections (ECF No. 314) to Magistrate Judge Peggy A. Leen's Order (ECF No. 310).[1] The Government filed a Response to Defendant's Objections. (ECF No. 403).[2]

## I. BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other defendants with eleven counts related to a confrontation with Bureau of Land Management (BLM) Officers in Bunkerville, Nevada, on April 12, 2014. (ECF No. 27).[3] On April 15, 2016, Defendant made his initial

[1] Judge Leen's Order to which Defendant is specifically objecting only vacated the April 25, 2016 calendar call and May 2, 2016 trial date; it did not designate the case as complex. (ECF No. 310). Rather, the Order indicated that the court was preparing a full Case Management Order to be issued shortly. (*Id.*). Judge Leen's Case Management Order (ECF No. 321) was filed on April 26, 2016, one day after Defendant's filing of his Objection. However, because Defendant's Objection includes argument against the designation of the case as complex, the Court will construe the Objection as to Judge Leen's first Order (ECF No. 314) and second related Case Management Order (ECF No. 321).

[2] The Government subsequently filed a Motion to Amend its Response based on an improper citation to an unpublished Ninth Circuit case in violation of Ninth Circuit Rule 36-3. (ECF No. 422). Ninth Circuit Rule 36-3(c) prohibits citations of unpublished dispositions issued before January 1, 2007, and the Government erroneously cited an unpublished Ninth Circuit case from 1995. As such, the Court grants the Government's Motion to Amend Response and will disregard all references to *United States v. Matta-Ballesteros*, 72 F.3d 136 (Table), 1995 WL 746007 (9th Cir. 1995) in the Government's Response.

[3] Prior to the District of Nevada Superseding Indictment, Defendant and six other co-defendants from this case were also indicted and detained in the District of Oregon on separate federal charges relating to a different set of

appearance and was arraigned. (ECF No. 250). On April 22, 2016, Judge Leen held a Discovery Hearing to determine, *inter alia*, whether the case should be deemed complex and a case management schedule. (*See* ECF No. 327). Prior to this Hearing, the Government filed a Proposed Complex Case Schedule, regarding which Defendant deferred decision pending further consultation with counsel. (Proposed Sched. Order 3, ECF NO. 270); (Def.'s Obj. 3:1–2, ECF No. 314). During the Hearing, Defendant joined several co-defendants in objecting to the designation of the case as complex and any continuance of the trial. (*See* ECF No. 327); (Def.'s Obj. 3:2–6).

In Judge Leen's initial Order, issued directly following the Hearing, she vacated the April 25, 2016 calendar call and May 2, 2016 trial date. (Order 2:17–18, ECF No. 310). Judge Leen explained that, after considering all of the parties' positions, this decision was necessary because "none of the Defendants have received any discovery, multiple defendants were just arraigned, and all of the Defendants are joined for trial." (*Id.* at 2:14–16). In Judge Leen's related Case Management Order, she designated the case as complex within the meaning of 18 U.S.C. § 3161(h)(7)(B), set discovery and pretrial motions deadlines, and set a trial date of February 6, 2017, with calendar call on January 30, 2017. (ECF No. 321). All co-defendants are currently joined for this trial date.[4]

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Nev. R. IB 3–1(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm

---

factual allegations. (Order ¶ 9.h., ECF No. 321). These defendants argued against their transfer to Nevada in front of the District Judge in Oregon, who denied their motion to stay and ordered the temporary transfer to Nevada. (*Id.* ¶ 9.i.).

[4] Judge Leen's Case Management Order specifically set a deadline for filing motions to sever of May 27, 2016. (Order 13:12–13). Several co-defendants filed timely motions to sever, none of which are fully briefed at this time.

conviction that a mistake has been committed." *See Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell,* 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

## III. DISCUSSION

Defendant asserts several objections to Judge Leen's Orders regarding case management. (Def.'s Obj., ECF No. 314). First, Defendant objects to Judge Leen's designation of the case as complex. (*Id.* at 2:27–3:8). Second, Defendant objects to Judge Leen vacating the April 25, 2016 calendar call and May 2, 2016 trial dates. (*Id.* at 3:4–8). Finally, Defendant objects to his transport back to the District of Oregon. (*Id.* at 5:2–24).

### *A. Complex Case Designation*

Judge Leen's Order designated this case complex under 18 U.S.C. § 3161(h)(7)(B). (*See* Order 13:7–8, ECF No. 321). Complexity is explained under this statute as:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii). For example, the Ninth Circuit has recognized one case as complex where there were nine defendants, a 29-count indictment, voluminous discovery, and many witnesses. *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993); *see also United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (finding complex a case involving "voluminous discovery, a large number of counts, several defendants, ongoing investigations in other districts, and potential witnesses from other countries.").

Here, Judge Leen found the case to be complex for numerous reasons, including nineteen defendants, a 16-count indictment on serious charges, voluminous discovery, and seven defendants with charges pending before another United States District Court. (*See* Order ¶¶ 9.a.–v., ECF No. 321). Defendant's objection provides no legal or factual basis for why this case should not be designated as complex. Accordingly, Judge Leen did not err in designating this case as complex, and Defendant's objection as to the complex case designation is overruled.

*B. Vacated Calendar Call and Trial Dates*

Defendant's main argument regarding the vacated calendar call and trial dates stems from a perceived violation of his speedy trial rights. (Def.'s Obj. 4:1–5:1, ECF No. 314). The Sixth Amendment states in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend VI. Additionally, the Speedy Trial Act dictates that trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

The Speedy Trial Act also provides for several enumerated circumstances in which time is excluded from the seventy-day deadline. 18 U.S.C. § 3161(h); *Zedner v. United States*, 547 U.S. 489, 497 (2006) ("[T]he [Speedy Trial] Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start."). For these exclusions, the court must find that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In the Ninth Circuit, "in order to comply with the Speedy Trial Act the district court must satisfy two

requirements whenever it grants an 'ends of justice' continuance: (1) the continuance must be specifically limited in time; and (2) it must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotations omitted).

The Court agrees with Judge Leen that several of the enumerated exclusion periods apply here. First, complexity of the case provides reason for the exclusion of time under the Speedy Trial Act, when failure to grant such a continuance will "likely . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B). Further, "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6); *United States v. Messer,* 197 F.3d 330, 336 (9th Cir. 1999) (emphasizing that delay due to a codefendant must be reasonable). Additionally, "delay resulting from trial with respect to other charges against the defendant" is also excluded under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(b); *see also United States v. Lopez-Osuna*, 242 F.3d 1191, 1198 (9th Cir. 2000) (quoting *United States v. Lopez–Espindola*, 632 F.2d 107, 110 (9th Cir. 1980) to explain that "trial" in this context means "not only . . . the trial itself but also the period of time utilized in making necessary preparation for trial.").

First, as explained above in Part III.A., Judge Leen's finding of this case to be complex was not clearly erroneous or contrary to law. While this finding alone would be sufficient to vacate the trial date, Judge Leen also found that unsevered defendants' reasonably requested a continuance, which also permits tolling of the Speedy Trial Act. (*See* Order ¶ 9.t.); 18 U.S.C. § 3161(h)(6).[5] Here, all co-defendants are currently joined for trial. Initially, thirteen of the nineteen defendants in this case stipulated that the trial date should be vacated and reset for

[5] While Judge Leen cited to 18 U.S.C. § 3161(h)(3)(A), the language she referenced is found at 18 U.S.C. § 3161(h)(6), which is the applicable section of the statute.

February. (Proposed Sched. Order 8:7–17, ECF NO. 270). However, at the April 22, 2016 hearing, seven of these defendants changed their positions.[6] (Order ¶¶ 9.p.–q., ECF No. 321). Nevertheless, six defendants maintained their stipulated position that trial should be moved to February 2017 and the time excluded under the Speedy Trial Act, "as the ends of justice outweigh the interest of the public and the defendants in a speedy trial." (Proposed Sched. Order 8:7–11:9); (*see also* Order ¶ 9.p.). This request is reasonable for the same reasons supporting the complex case designation, including the number of defendants, severity of charges, and voluminous discovery. Finally, trial is set for September 7, 2016, on Defendant's separate pending federal charges in the District of Oregon. (Order ¶ 9.h.). Any delay resulting from the District of Oregon trial further supports the exclusion of time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(b).

Defendant cites to *United States v. Perez-Reveles* for the proposition that the "ends of justice continuance [should] be rarely used." 715 F.2d 1348, 1351 (9th Cir. 1983). While the *Perez-Reveles* Court found that the district court improperly excluded time, it did so because "the mere conclusion that the case is complex is insufficient. . . . and the record suggests that findings could not have been made to support that conclusion." *Id.* at 1352. In that case, the judge failed to make any explicit findings explaining its reasons for granting the Speedy Trial exclusion of the time. *Id.* at 1352–53. Here, to the contrary, Judge Leen made specific factual findings to support her reasons for continuing trial and tolling the Speedy Trial Act. (*See* Order ¶¶ 9.a.–v., ECF No. 321); *see Lloyd*, 125 F.3d at 1268. Further, by setting the trial date, Judge Leen provided a specific limitation to the continuance. *See Lloyd*, 125 F.3d at 1268.

Accordingly, the Court finds that Judge Leen did not clearly err by vacating calendar call and trial and setting it for February 2017. She provided explicit findings to support the

[6] Judge Leen aptly notes that only one of the defendants who changed his position on the stipulated proposed complex case schedule actually "provided a rationale for the change in position." (Order ¶ 9.q.).

exclusion of time, specifically limited the continuance, and ultimately found that "the ends of justice" served by resetting the trial date to February 2017 "outweigh the best interests of the public and the defendant" to a May 2016 trial date. *See* 18 U.S.C. § 3161(h)(7)(A); (Order ¶ 9.v., ECF No. 321). Defendant's objection as to the vacated calendar call and trial dates is overruled.

*C. Transport Back to the District of Oregon*

Lastly, as explained above, Defendant is one of seven defendants in this case who also face federal charges pending in the District of Oregon. Defendant objects to his transport back to the District of Oregon and asks this Court to halt the transport. (Def.'s Obj. 5:2–24, 6:10–11). Defendant states that he "should be permitted to remain in the District of Nevada to confer with counsel, prepare for trial, and sift through the reportedly voluminous discovery." (*Id.* at 5:2–4). He also appears to object to being prosecuted in both the District of Oregon and the District of Nevada: "The United States' Attorney consciously chose to prosecute this matter in two jurisdictions simultaneously with utter disregard for the rights of these defendants." (*Id.* at 1:27–28).

Judge Leen's findings on the issue of transport mainly refer to background information on the complexity of the case, and she does not make any rulings regarding the transport.[7] (*See* ECF Nos. 310, 321). Specifically, Judge Leen devotes several paragraphs under complexity to describe the concurrent District of Oregon proceedings. (Order ¶¶ 9.h.–n., ECF No. 321). As also noted by Judge Leen, Defendant Ryan Payne filed an Emergency Motion to Stay Transport to Oregon Pending Adjudication of Motion to Dismiss (ECF No. 301), joined by Defendant Ammon E. Bundy (ECF No. 302). (*See* Order ¶ 9.n., ECF No. 321). The Court denied the Motion to Stay Transport because the motion "fail[ed] to provide a legal basis for the Court's jurisdiction and why the Motion should not be heard by the Oregon District Judge." (ECF No.

---

[7]The District Judge in Oregon ordered the transport to Nevada and back to Oregon. (*See supra* note 3).

308). Defendant's Objection similarly fails to provide such a legal basis. (*See* Def.'s Obj. 5:2–24). Further, the request is now moot, as Defendant already has been returned to Oregon. As such, Defendant's objection regarding his transport back to the District of Oregon is overruled.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Objections (ECF No. 314) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Amend Response (ECF No. 422) is **GRANTED**.

**DATED** this 13 day of June, 2016.

Gloria M. Navarro, Chief Judge
United States District Court