UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00046-GMN-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | **- AND -** |
| CLIVEN BUNDY, et al., | **REPORT OF FINDINGS AND RECOMMENDATION** |
| Defendants. | (Mots. Dismiss – ECF Nos. 1880, 1961) |

This matter is before the court on Defendants Mel Bundy and Jason D. Woods' Motions to Dismiss on Speedy Trial (ECF Nos. 1880, 1961). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice. The court has considered the Motions, the Joinders (ECF Nos. 1964, 1992) by Defendants Brian Cavalier and Dave Bundy, the Government's Responses (ECF Nos. 1930, 2017), and the Replies (ECF Nos. 1957, 2035).

## BACKGROUND

Mel Bundy, Jason Woods and 17 co-defendants are charged in a Superseding Indictment (ECF No. 27) returned March 2, 2016. The Superseding Indictment is based on events that occurred in April 2014. The trial in this case was declared complex for the reasons explained in the Case Management Order (ECF No. 321) entered April 26, 2016. A trial date was set for February 6, 2017, which was within one year of the initial indictment. The Case Management Order made specific findings that the time between defendants' arraignment and pleas until the February 6, 2017 trial date was excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. The Case Management Order also set deadlines for filing motions to sever, pretrial motions and notices required by Rule 12 and Local Rule 12(1)(b).

Woods and Mel Bundy did not file objections to the Case Management Order. Defendant

1

Brian D. Cavalier did file objections (ECF No. 314) to the Case Management Order asking the district judge to review those findings, the complex case designation, the speedy trial exclusions, and the February 2016 trial date. Cavalier objections argued the Case Management Order violated his speedy trial rights. The Honorable Gloria M. Navarro, Chief United States District Judge, overruled the objections finding that several of the Speedy Trial Act's enumerated exclusion periods applied. June 13, 2016 Order (ECF No. 523) at 4–7.

On December 12, 2016, the court ordered that the trial of the 17 defendants awaiting trial severed into three groups or "tiers" for three separate trials. Order (ECF No. 1098) at 25.[1] The court further ordered that tier three would proceed to trial first on February 6, 2017, with tier one to proceed to trial 30 days after the conclusion of the first trial, and Tier Two to proceed to trial 30 days after the conclusion of the second trial. The first trial of the Tier Three defendants began as scheduled on February 6, 2017. *See* Mins. of Proceedings (ECF No. 1528).

After the Case Management Order was entered, Judge Navarro made findings that certain time periods are excluded under the Speedy Trial Act. The government's Motion to Exclude Time Under the Speedy Trial Act (ECF No. 1572) asked the court to exclude 140 days for the first two trials as well as 60 days for the time between trials, totaling 200 days. Judge Navarro found that "the circumstances of this case necessitate the further requested Speedy Trial Act exclusion of time." Mar. 14, 2017 Order (ECF No. 1712) at 5. In the Motion for an Order Setting a Definite Date to Commence the Second Trial (ECF No. 1837), the government argued that a definite trial date for the tier one defendants would help the parties prepare subpoenas and schedule their witnesses and allow the government to comply with its ongoing disclosure obligations under Rule 16. Judge Navarro agreed and set a June 26, 2017 trial date. Apr. 19, 2017 Order (ECF No. 1872) at 3. Based on this June date, she found that an additional exclusion of approximately 35 additional days was appropriate. *Id*. The calculation was an approximation because, at the time, the jury was deliberating in the first trial of the Tier Three defendants and it was unclear when the original

---

[1] The Tier One defendants are: Cliven Bundy, Ryan Bundy, Ammon Bundy, Peter Santilli, and Ryan Payne. The Tier Two defendants are Dave Bundy, Mel Bundy, Joseph O'Shaughnessy, Brian Cavalier, Jason Woods, and Micah McGuire. The Tier Three defendants are Richard Lovelien, Todd Engel, Gregory Burleson, Eric Parker, O. Scott Drexler, and Steven Stewart.

2

1   exclusion of time would begin. *Id*. at 3 n.1. Judge Navarro's order states that the "additional
2   excluded time is necessary and reasonable due to the complexity of the case and outstanding
3   motions that must be addressed prior to the start of the second trial." *Id*. at 3. Although the trial
4   of the Tier One defendants was scheduled to begin towards the end of June, circumstances changed
5   shortly after Judge Navarro entered the order.

6   On April 24, 2017, the jury in the first trial rendered a partial verdict after deadlocking on
7   numerous counts, and being unable to reach a unanimous verdict on a majority of the defendants.
8   Mins. of Proceedings (ECF No. 1887). As a result, Judge Navarro declared a mistrial on all
9   deadlocked counts. *Id*. Multiple tier one defendants subsequently filed motions requesting a
10  clarification of the trial schedule and asking the court to start the tier one trial on June 26, 2017,
11  without immediately retrying the tier three defendants on the deadlocked counts. *See* ECF
12  Nos. 1873, 1888, 1899, 1918. Judge Navarro determined that the Speedy Trial Act required the
13  court to retry the tier three defendants within 70 days. May 17, 2017 Order (ECF No. 1975) at 2
14  (citing 18 U.S.C. § 3161(e)). She therefore ordered the tier three defendants would be retried
15  before the Tier One and Two defendants may proceed to trial. *Id*. The severance order (ECF
16  No. 1098) remains in effect and the tier three defendants' retrial was scheduled to begin June 26,
17  2017. *Id*. at 2–3.

18  On May 25, 2017, Judge Navarro held a calendar call on the tier three defendants' retrial
19  during which the court and parties discussed alternative schedules. Mins. of Proceedings (ECF
20  No. 2012). At calendar call Judge Navarro indicated that if a stipulation signed by all of the tier
21  three defendants and the government parties was filed, the retrial would commence on July 10,
22  2017. *Id*. A Stipulation (ECF No. 2020) was filed and the tier three defendants' retrial is now
23  scheduled to begin July 10, 2017. *See* Order (ECF No. 2061).

24  In the current motions, Mel Bundy argues his constitutional right to a speedy trial has been
25  denied because of delay caused by others. He asserts that the length of the delay, the reason for
26  the delay, and the fact that Bundy has always asserted his right to a speedy trial all weigh in favor
27  of dismissal. The government and the court "have created the circumstances" denying his right to
28  a speedy trial because the government made an unrealistic representation of how long the second

1  trial would last, which is sure to take longer than the government states and will result in
2  subsequent delays and additional exclusions of trial under the Speedy Trial Act. In its Motion to
3  Set a Definite Date for Trial (ECF No. 1837), the government indicated that it would call 60
4  witnesses or twice the number it called in the first trial. Logic dictates this will increase the length
5  of trial and the amount of time Bundy remains in custody waiting for trial.

6        The government's shifting position about joining all defendants for trial has also
7  contributed to deny Bundy's speedy trial right. The government filed an untimely motion to sever,
8  which the undersigned "ratified" by severing the defendants into three groups for trial. The fact
9  that the court cannot accommodate a 17 defendant trial should also weigh in Bundy's favor because
10 this is a factor outside his control. Bundy has been prejudiced by the delay because he has limited
11 access to his wife and children who live more than 160 miles from where he is incarcerated. He
12 has lost his job, cannot support his family, and is separated from his family. His incarceration
13 hinders him from gathering evidence, contacting witnesses, and otherwise preparing for trial. All
14 of these things, as well as his concern about his fate at trial have caused anxiety and caused him to
15 suffer prejudice while awaiting trial.

16       Jason Woods argues that he announced he was ready for trial at the December 9, 2016
17 hearing and objected to any continuance of the February 6, 2017 trial date. After the court severed
18 the case placing him in Tier Two for trial, he expected to go to trial in August 2017. However,
19 because of the recent mistrial and order that the Tier Three defendants would be retried before the
20 other trials, he is now in "no man's land." He argues that his right to a speedy trial has been
21 violated by the severance, which will increase the amount of time he remains incarcerated awaiting
22 trial. He is not responsible for the delay, the delay is lengthy, and he has been prejudiced by the
23 loss of his job, separation from his family, by serving dead time in custody, and by being hindered
24 in his ability to prepare his defense. In a convention town like Las Vegas, there must be secure
25 facilities available to try all of the defendants. The government and the court should "take heed"
26 because their actions may turn innocent defendants into "hardened militants who are now
27 personally convinced of the (alleged) oppressive nature of the courts and government." He adds
28 "[y]ou simply cannot keep a defendant incarcerated without trial in perpetuity and not expect a

downside." The court should therefore dismiss the superseding indictment for violation of his right to a speedy trial.

**DISCUSSION**

The court has carefully reviewed, considered, and addressed multiple motions to dismiss (ECF Nos. 291, 891, 1647) on speedy trial grounds since this action began. *See* Reports of Findings & Recommendation ("R&Rs") (ECF Nos. 589, 1182, 1911). Judge Navarro has accepted and adopted two of the R&Rs, overruling defendants' objections. *See* Orders (ECF Nos. 1099, 1283). One R&R (ECF No. 1911) and corresponding Objections (ECF No. 1965) remain under submission to Judge Navarro.

Mel Bundy and Jason Woods' current Motions to Dismiss on Speedy Trial (ECF Nos. 1880, 1961) advance the same arguments made by their co-defendants in previous motions, which the court considered and denied. *See* R&Rs (ECF Nos. 589, 1182, 1911). More time has passed since those motions were decided, and the first trial resulted in a mistrial when the jury was unable to reach a unanimous verdict on the majority of the defendants and charges. The district judge has found that she is required to retry the Tier Three defendants first within 70 days of the April 24, 2017 mistrial pursuant to 18 U.S.C. § 3161(e), and then try the Tier One defendants in accordance with the provisions of the severance order and the Speedy Trial Act.

The court understands that incarceration and being separated from family and loved ones takes a toll. However, this is a complex multi-defendant case that involves voluminous discovery and requires expenditure of a huge amount of time and effort on the part of the court, the defense, and the government. The court has and will continue to devote an enormous amount of judicial resources to bring this case to conclusion as expeditiously as possible. Both the undersigned and Judge Navarro have found that various periods of time are excluded in computing the time within which the trials must commence under enumerated provisions of the Speedy Trial Act. Woods and Mel Bundy did not file objections or appeal the court's findings in its Case Management Order (ECF No. 321) designating this case as complex and excluding and tolling the time for bringing the matter for trial under certain provisions of the Speedy Trial Act.[2] For reasons that have been

---

[2] Mel Bundy asserts that he informed the undersigned of his objection to designating this case as complex

5

1  previously articulated in numerous orders and reports of findings and recommendation applying
2  the four-part test articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), the court will recommend
3  denial of the current motions.

4      **IT IS ORDERED** that Defendants Brian Cavalier and Dave Bundy's Motions for Joinder
5  (ECF Nos. 1964, 1992), that is, the request to join in the substantive arguments, are **GRANTED**

6      **IT IS RECOMMENDED** that Defendants Mel Bundy and Jason D. Woods' Motions to
7  Dismiss on Speedy Trial (ECF Nos. 1880, 1961) be **DENIED**.

8      Dated this 23rd day of June, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

and invoked his speedy trial right. Mot. (ECF No. 1880) at 2. In a Proposed Complex Case Schedule (ECF No. 270), Mr. Bundy initially stipulated that: (i) this case should be designated as complex, (ii) trial should be set in February 2017, and (iii) the time from the entry of Defendants' pleas until trial is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A). *Id.* He later changed his position during the April 22, 2016 hearing. *See* Mins. of Proceeding (ECF No. 327). However, he did not file objections to the Case Management Order (ECF No. 321) seeking review by the district judge pursuant to LR IB 3-1.