UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CLIVEN D. BUNDY *et al.*, )<br>)<br>Defendants. )<br>_____) | Case No.: 2:16-cr-46-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion in Limine, (ECF No. 1488), filed by Defendant Cliven Bundy ("Defendant") to preclude all interviews and statements obtained by undercover government agents posing as "Longbow Productions" (the "Longbow evidence") from trial. Co-defendants Ryan W. Payne, David H. Bundy, Jason D. Woods, and Ammon E. Bundy filed Motions for Joinder. (ECF Nos. 1553, 1569, 1589, 1642). The Government timely filed a Response. (ECF No. 1591).[1] For the reasons discussed below, the Court **DENIES** Defendant's Motion.

I. **BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in

---

[1] On February 24, 2017, Defendant filed a Reply. (ECF No. 1614). Defendant David H. Bundy filed a Motion for Joinder to the Reply. (ECF No. 1637). Pursuant to the District of Nevada Local Rules: "Replies [to motions in limine] will be allowed only with leave of the court." (D. Nev. LR 16-3(a)). Defendant has not requested leave to file his Reply. Nevertheless, for good cause appearing, the Court will consider Defendant's Reply and also grants David H. Bundy's Motion for Joinder. Additionally, the Court grants Defendant's Motion to Extend Time to file his Reply. (ECF No. 1594).

Bunkerville, Nevada. (ECF No. 27).  Defendant's trial, the third trial in this case, is set to begin on October 10, 2017. (*See* ECF No. 2632).

In the instant motion, Defendant seeks to exclude his Longbow interview taken by undercover FBI Agent Charles Johnson who posed as a documentarian subsequent to the April 2014 incident.  Prior to the first trial in this case, co-defendant Gregory P. Burleson ("Burleson") filed a Motion to Suppress his Longbow interview, asserting similar arguments, such as involuntariness due to intoxication. (Burleson Mot. to Suppress, ECF Nos. 876). Magistrate Judge Peggy A. Leen rejected this arguments and recommended denial of this motions without an evidentiary hearing. (R. & R. on Burleson Mot. to Suppress 6:19–27, ECF No. 1277).  The Court accepted and adopted Judge Leen's Report and Recommendation in full, denying Burleson's Motion to Suppress and finding that "Defendant's statements made to Longbow Productions were voluntary." (Order adopting R. & R. 4:17, ECF No. 1521).

At the first trial, Agent Johnson testified on behalf of the Government and portions of Burleson and co-defendants Eric Parker and O. Scott Drexler's interviews were shown to the jury. (*See* ECF Nos. 1750, 1754).  Agent Johnson did not testify during the second trial.  Agent Johnson's name appears on the Government's current witness list for the upcoming third trial (Gov't Witness List 2:18–19, ECF No. 2583), and his name is also listed under the Government's proposed exhibits 220 and 222[2] (Gov't Ex. List at 21, ECF No. 2584).

## II.   LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Federal Rule of Evidence 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76

---

[2] The Court notes that the exhibits listed by the Government are the interviews of co-defendants Ryan Payne and Burleson.

(1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [Federal Rules of Evidence] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

### III.  DISCUSSION

In the instant Motion, Defendant seeks to exclude the Longbow evidence from trial. Defendant argues that "the use of government-coerced, staged, theatrical, rehearsed statements adjusted or framed for inculpatory effect violates the due process clause, the right-to-counsel clause, the self-incrimination clause, the fair trial clause, the First Amendment and the Federal Rules of Evidence."[3] (Def. Mot. 4:24–26, ECF No. 1488).  Defendant claims there was "outrageous government conduct" when the government "deliberately delayed the filing of any criminal accusation solely so that it could engage in an expensive law-enforcement charade and drum up incriminating testimony where none existed otherwise." (*Id*. 5:13, 6:12–15).  Further, Defendant asserts that "[D]efendants were paid, were plied with alcohol, were influenced and incentivized to make falsely incriminating statements." (*Id*. 4:9–10).  Consequently, Defendant moves for a global evidentiary hearing "to examine the scope and scale of the Longbow

---

[3] Defendant provides no legal analysis supporting his asserted violations of the First Amendment, fair trial clause, and Federal Rules of Evidence.  As such, the Court will not consider these arguments.

enterprise and show that all Longbow interviews must be held inadmissible in this case." (*Id.* 8:15–17).

The Government first responds that Defendant's motion in limine is actually a motion to suppress, which should have been filed as a pretrial motion under Rule 12(b)(3)(C), making Defendant's motion untimely and without good cause. (Gov't Resp. 3:4–4:2, ECF No. 1591). The Government then argues in the alternative that Defendant's argument fails because "he does not advance any argument or evidence that his own statements were involuntary." (Resp. 4:6–7). The Government argues the statements should not be suppressed based on self-incrimination or right-to-counsel grounds because Defendant "was not, and makes no allegation that he was, in custody. Therefore, Bundy did not have a Sixth Amendment right to counsel nor was he entitled to *Miranda* warnings related to his statements to undercover agents." (*Id.* 5:2–5). Additionally, the Government asserts that an evidentiary hearing on a motion to suppress is inappropriate because Defendant does not allege he was subject to physical intimidation or threats. (*Id.* 5:6–7).

Defendant replies that his motion is a motion in limine because it is "necessarily temporary and subject to revisitation during trial" and "[m]otions in limine may also encompass a broader array of evidentiary issues." (Def. Reply 2:15–24, ECF No. 1614). Additionally, Defendant cites *Luce v. United States*, 469 U.S. 38, 40 (1984), for the proposition that "the term [motion in limine] in a broad sense to refer to any motion . . . to exclude anticipated prejudicial evidence before the evidence is actually offered." (*Id.* 2:11–14).

Here, the Court finds that this issue should have been raised in a Federal Rule of Criminal Procedure 12(b)(3)(C) motion to suppress, as co-defendant Burleson did. (*See* Burleson Mot. Suppress, ECF Nos. 876); (R. & R. on Burleson Mot. to Suppress, ECF No. 1277); (Order adopting R. & R., ECF No. 1521). The purpose for motions in limine is to determine whether evidence is admissible pursuant to the Federal Rules of Evidence. *See* Fed.

R. Evid. 104(a).  Defendant's motion is not seeking to exclude the Longbow evidence based on an assertion regarding irrelevance, undue prejudice substantially outweighing probative value, or any other evidentiary cause.  Rather, Defendant's argument centers upon the allegations of constitutional violations stemming from the evidence, specifically that Defendant's Sixth Amendment right-to-counsel was violated, Defendant made the statements involuntarily, and the Government's conduct was outrageous.[4] *See United States v. Barnes*, No. 3:09-CR-00001-TMB, 2014 WL 1347080, at *2 (D. Alaska Mar. 7, 2014) ("The hallmark of a motion to suppress is an allegation that the government procured the subject evidence in violation of the Constitution.") *see also United States v. Guttenberg*, 2007 WL 4115810, at *5 n.1 (S.D.N.Y. Nov. 14, 2007) ("Because [Defendant] does not assert that the evidence he challenges was obtained illegally, nor does he assert a constitutional violation, his Motion is more appropriately viewed as a Motion In Limine.").  Defendant's reliance on *Luce* is inapposite. *Luce* specifically dealt with an *evidentiary* ruling regarding a prior conviction. 469 U.S. at 40.

Further, Defendant provides no good cause for the Court to consider this motion as an untimely motion to suppress. *See United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003). Defendant does not assert that he only recently obtained his Longbow statements or otherwise

---

[4] The Court notes, however, that none of arguments present any merit.  First, the Sixth Amendment right-to-counsel does not apply because Defendant does not argue that he was subject to a custodial interrogation. Second, Defendant fails to proffer any evidence with respect to his interactions with undercover agents demonstrating that he was coerced by payment, alcohol, or physical intimidation. *See Medeiros v. Shimoda*, 889 F.2d 819, 823 (9th Cir. 1989) (A statement is voluntary "if it is the product of a rational intellect and a free will whether [or not] a confession is the product of physical intimidation or psychological pressure [or] a drug-[alcohol-] induced statement.") (insertions in original).  Lastly, as Defendant concedes, it is not outrageous for the government to use deceit and stratagem to uncover criminal activity. (Def. Mot. 6:8–9); (*see United States v. Bogart*, 729 F.2d 1428, 1438 (9th Cir. 1984)).  Thus, it was not outrageous government conduct for the agents to pose as a documentary crew to question Defendant where the government did not engineer and direct the alleged criminal enterprise. *See United States v. So*, 755 F.2d 1350, 1353 (9th Cir. 1985).
   Defendant also asserts that his statements were "scripted." (Def. Reply 4:26–5:2).  However, such an argument goes to the weight of the evidence, not its admissibility.  Such an argument may be ripe for cross-examination should this evidence be admitted at trial, but it does not present an evidentiary basis for excluding it at this time.

did not have them prior to the pretrial motions deadline of October 3, 2016.[5] (*See* Case Management Order 13:16–17, ECF No. 321) (setting the Rule 12 pretrial motions deadline in this case).

The Court further finds that no evidentiary hearing is necessary or appropriate here. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (even when a motion to suppress is properly filed, an evidentiary hearing is only required "when the moving papers allege with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.").

Accordingly, the Court denies Defendant's motion.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 1488), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Time, (ECF No. 1594), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motions for Joinder, (ECF Nos. 1553, 1569, 1589, 1637, 1642), are **GRANTED**.

**DATED** this  13  day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[5] Indeed, as Burleson's example provides, the record would belie such an assertion.