# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00046-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN BUNDY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Report and Recommendation of the Honorable United States Magistrate Judge Peggy A. Leen, (ECF No. 2079), denying Defendant Melvin D. Bundy ("Bundy") and Jason D. Woods' ("Woods'") Motions to Dismiss, (ECF Nos. 1880, 1961). Bundy timely filed his Objection, (ECF No. 2133), and the Government timely filed a Response, (ECF No. 2189). For the reasons discussed below, the Court DENIES Bundy and Woods' Motions to Dismiss, (ECF Nos. 1880, 1961).

## I. BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27). The underlying Motions seek to dismiss the charges against Bundy and Woods on the basis of Speedy Trial violations. (*See* Mot. to Dismiss, ECF Nos. 1880, 1961). In her Report and Recommendation, Judge Leen rejected these arguments and recommended denial of the Motions. (R. & R. 6:6–7, ECF No. 2079).

When the Motions were filed, Bundy and Woods remained in custody and a firm trial date had not been set. (*See* Mot. to Dismiss 3:17–27, ECF No. 1961); (*see also* Mot. to Dismiss

2:19–21, ECF No. 1880). On December 4, 2017, the Court ordered Bundy and Woods released on bond. (*See* Mins. of Proceeding, ECF Nos. 2944, 2947). Presently, the trial for both Defendants is set to begin on February 26, 2018. (*See* Order Regarding Trial, ECF No. 3132).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

## III. DISCUSSION

*A. Wood's Motion to Dismiss*

Where a party fails to object, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003). Woods has not filed an objection to the Report and Recommendation, and the deadline to do so has passed. Accordingly, Wood's Motion to Dismiss, (ECF No. 1961), is DENIED.

*B. Bundy's Motion to Dismiss*

Bundy asserts two objections to Judge Leen's Report and Recommendation denying his Motion to Dismiss. (Obj., ECF No. 2133). First, Bundy argues that Judge Leen "erred in finding that [his] Motion to Dismiss on Speedy Trial grounds advanced the same arguments previously denied in codefendant's pleadings." (*Id*. 4:24–25). Specifically, Bundy argues that "each defendant's speedy-trial claim in this case requires individual analysis . . . [t]hus, the

Magistrate Court erred by failing to address the individualized arguments raised by [Bundy] in his motion to dismiss." (*Id*. 6:12, 6:22–24). Second, Bundy contends that Judge Leen "erred in finding that the previous exclusions of time under the Speedy Trial Act justify the continuing violation of [his] Constitutional right to a speedy trial, and that [his] failure to object in writing to the Case Management and Severance Orders allows for his continued detention." (*Id*. 5:1–3).

Having reviewed the record in this case *de novo*, the Court agrees with the analysis and findings of Judge Leen in her Report and Recommendation, (ECF No. 2079), denying Bundy's Motion to Dismiss and incorporates them by reference in this order. The Court finds that neither Bundy's Motion to Dismiss nor his Objection provide sufficient support for the extreme remedy requested.

The Supreme Court has established a four-factor test to determine challenges to a defendant's Sixth Amendment speedy trial rights: (1) whether the delay was uncommonly long; (2) whether the government or the defendant was responsible for the delay; (3) whether the defendant has asserted his or her right to a speedy trial; and (4) whether the Defendant suffered prejudice. *Doggett v. United States*, 505 U.S. 647, 651 (1992). This four-factor test was first announced in *Barker v. Wingo*, 407 U.S. 514 (1972), which found that none of the four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id*. at 530–33 (holding that a five-year delay in bringing a case to trial did not violate a defendant's speedy trial right).

Here, Bundy argues that Judge Leen erred because she did not apply these factors to his particular case. (*See* Obj. 6:12). However, in her Report and Recommendation Judge Leen explained that "Woods and [ ] Bundy did not file objections or appeal the court's findings in its Case Management Order (ECF No. 321) designating this case as complex and excluding and tolling the time for bringing the matter for trial under certain provisions of the Speedy Trial Act." (R. & R. 5:24–27, ECF No. 2079). Further, Judge Leen provided the reason for delay

being that "this is a complex multi-defendant case that involves voluminous discovery and requires expenditure of a huge amount of time and effort on the part of the court, the defense, and the government." (*Id*. 5:19–21). The complexity of the case and nature of the charges are factors the court considers in determining whether delay in particular cases violates a defendant's speedy trial rights. *See, e.g*., *United States v. Saenz*, 623 F.3d 461, 464 (7th Cir. 2010) (finding no speedy trial violation because the case was complex and involved a conspiracy case with 19 co-defendants); *see also United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (finding no speedy trial violation because the case involved a complex conspiracy, multiple defendants, and defendant substituted new counsel halfway through it).

Thus, although, Bundy's circumstances are different from that of his co-defendants who were severed into different trial tiers, the reasoning in the Court's prior Orders regarding the length of delay and the reason for delay is still applicable to Bundy. (*See, e.g*., Order, ECF No. 1099). Bundy's arguments fail, like those made by his co-defendants, because the complexity of the case and the nature of the charges are factors that lead the Court to conclude that Bundy's speedy trial rights have not been violated. Additionally, Bundy argues he has been prejudiced by the delay because his "incarceration has hindered [his] ability to gather evidence, contact witnesses, or otherwise prepare his defense." (Mot. to Dismiss 9:15–17, ECF No. 1880). The Court finds that the prejudice he describes has been mitigated as a result of his release on bond. For these reasons, the Court finds that despite the delay, Bundy's speedy trial rights have not been violated because the time pending trial has been properly excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h).

Accordingly, Bundy's Objections, (ECF No. 2133), are overruled. The Court accepts and adopts Judge Leen's Report and Recommendation, (ECF No. 2079), to the extent that it is not inconsistent with this opinion and DENIES Bundy's Motion to Dismiss, (ECF No. 1880).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 2079), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Bundy and Woods' Motions to Dismiss, (ECF Nos. 1880, 1961), are **DENIED**.

**DATED** this __7__ day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court